# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **V.** | **:** | **CRIMINAL NUMBER 03-594-1** |
| | **:** | |
| | **:** | |
| **WILLIAM KITSCH** | **:** | |

## DEFENDANT'S MODIFIED PROPOSED JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, the defendant, William Kitsch, hereby requests that this Court instruct the jury in accordance with the attached modified proposed instructions.  These proposed instructions replace the proposed instructions that were previously filed on May 22, 2008.

Mr. Kitsch reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instructions filed by the government and the remaining evidence in this case.

Respectfully submitted,

_____
DAVID M. KOZLOW
Assistant Federal Defender

*DEFENSE REQUEST NUMBER 1*

*PRESUMPTION OF INNOCENCE,*
*BURDEN OF PROOF AND REASONABLE DOUBT*

The defendant William Kitsch pleaded not guilty to the offenses charged.  Mr. Kitsch is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Kitsch unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Kitsch is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Kitsch not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Kitsch has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Kitsch is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Kitsch guilty of the offenses charged, the government must convince you that Mr. Kitsch is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense,

1

or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence,

or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each

and every element of the offense charged beyond a reasonable doubt, you should return a verdict

of guilty for that offense.  However, if you have a reasonable doubt about one or more of the

elements of the offense charged, then you must return a verdict of not guilty of that offense.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 3.06 (2006).

*DEFENSE REQUEST NUMBER 2*

*NATURE OF THE INDICTMENT*

As you know, the defendant William Kitsch is charged in the Indictment with violating federal law, specifically, the crimes of knowing possession of a firearm and ammunition by a convicted felon and knowing possession of body armor by a felon convicted of a crime of violence.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Kitsch has been indicted in making your decision in this case.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 3.07 (2006)(modified).

3

## *DEFENSE REQUEST NUMBER 3*

## *CREDIBILITY OF WITNESSES*

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

4

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe [alternative: how believable the witness' testimony was when considered with other evidence that you believe]; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 3.04 (2006).

6

## *DEFENSE REQUEST NUMBER 4*

## *DEFENDANT'S RIGHT NOT TO TESTIFY*

William Kitsch did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Kitsch did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Mr. Kitsch did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.27 (2006).

7

*DEFENSE REQUEST NUMBER 5*

*DEFENDANT'S TESTIMONY*

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, William Kitsch testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 4.28 (2006).

### DEFENSE REQUEST NUMBER 6

### PRIOR STATEMENT OF DEFENDANT – SINGLE DEFENDANT ON TRIAL

The government introduced evidence that the defendant William Kitsch made a statement to law enforcement officials. You must decide whether Mr. Kitsch did in fact make the statement.  If you find that Mr. Kitsch did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Mr. Kitsch himself and the circumstances under which the statement was made.

If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances.  On the other hand, if you determine that the statement was not made voluntarily, you must disregard it.  In determining whether any alleged statement was made voluntarily, you should consider Mr. Kitsch's age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.32 (2006).

9

*DEFENSE REQUEST NUMBER 7*

*LAW ENFORCEMENT WITNESSES*

You have heard the testimony of a law enforcement officer.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

*Authority And/Or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 4.18 (2006).

10

## DEFENSE REQUEST NUMBER 8

### THE STATUTE DEFINING THE OFFENSES
### CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT

Section 922(g)(1) of Title 18 of the United States Code provides, in part, that:

"It shall be unlawful for any person – ... who has been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year; ... to ... knowingly ... possess in or

affecting commerce, any firearm or ammunition . . . ."

*Authority And/Or Adapted From*

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.08 (5th ed. 2000).

11

*DEFENSE REQUEST NUMBER 9*

*THE ESSENTIAL ELEMENTS OF THE OFFENSES
CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT*

Counts One and Two of the Indictment charge the defendant William Kitsch with being a felon in possession of a firearm and ammunition, in violation of federal law.

In order to find the defendant guilty of either of these offenses, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That William Kitsch has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year and that Mr. Kitsch knew that he had a valid felony conviction and he knew that it had not been set aside or expunged;

Second: That after this conviction, Mr. Kitsch knowingly possessed a firearm or ammunition described in Counts One and Two of the Indictment; and

Third: That Mr. Kitsch's possession was in or affecting interstate or foreign commerce.

*Authority And/Or Adapted From*

Third Circuit, Modern Criminal Jury Instructions, Instruction 6.18.922-G (2007)(modified). See United States v. Langley, 62 F.3d 602, 608-19 (4th Cir. 1995)(dissenting opinion).

*DEFENSE REQUEST NUMBER 10*

*THE NATURE OF AND STATUTE DEFINING THE OFFENSE
CHARGED IN COUNT THREE OF THE INDICTMENT*

Count Three of the Indictment charges that on or about the 20th day of August, 2003, in the Eastern District of Pennsylvania, the defendant, William Kitsch, who previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a body armor, namely, a blue body armor carrier, containing front and back kevlar panels, Serial Number 2564, all or part of which was sold and offered for sale in interstate and foreign commerce.

Section 931(a)(1) of Title 18 of the United States Code provides, in part, that: "it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is a crime of violence."

*Authority And/Or Adapted From*

O'Malley, Grenig and Lee, <u>Federal Jury Practice & Instructions</u>, §§ 39.07 and 39.08 (5th ed. 2000)(modified).

*DEFENSE REQUEST 11*

*THE ESSENTIAL ELEMENTS OF COUNT THREE OF THE INDICTMENT*

Count Three of the Indictment charges the defendant William Kitsch with knowing possession of body armor having previously been convicted of a felony that is a crime of violence.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt.

First: That William Kitsch has been convicted of a felony, that is, a crime punishable by imprisonment exceeding one year and that Mr. Kitsch knew that he had a valid felony conviction and he knew that it had not been set aside or expunged;

Second: That the prior felony conviction was a crime of violence;

Third: That after this conviction Mr. Kitsch knowingly possessed body armor as alleged in Count Three of the Indictment; and

Fourth: That the item in Mr. Kitsch's possession was body armor.  Body armor means any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment.

18 U.S.C. § 931(a)(1) and § 921(a)(35).  See United States v. Langley, 62 F.3d 602, 608-19 (4th Cir. 1995)(dissenting opinion).

## DEFENSE REQUEST NUMBER 12

## PROOF OF PRIOR CONVICTION

In order to find the defendant guilty of any of the three alleged offenses, you must find that the government proved that before the date William Kitsch is charged with possessing the firearm, ammunition or body armor as charged, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and that he knew that he had a valid felony conviction and that it had not been set aside or expunged.

The government contends that the defendant was convicted of arson of the third degree in state court. I charge you that as a matter of law, arson of the third degree is a crime punishable by imprisonment for a term exceeding one year. However, you must determine beyond a reasonable doubt whether Mr. Kitsch was convicted of this crime and whether he knew that it was a valid felony conviction that had not been set aside or expunged.

To satisfy this element, you must find beyond a reasonable doubt that Mr. Kitsch was, in fact, convicted of that crime and that the conviction was prior to the possession of the firearm, ammunition or body armor as charged in the Indictment. It is not necessary that the government prove that Mr. Kitsch knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for him to have been sentenced to imprisonment for more than one year. It is necessary for the government to prove beyond a reasonable doubt that Mr. Kitsch knew that he had a valid felony conviction and he knew that it had not been set aside or expunged.

*Authority And/Or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 6.18.922G-2 (2007)(modified). <u>See</u> <u>United States v. Langley</u>, 62 F.3d 602, 608-19 (4th Cir. 1995)(dissenting opinion).

## *DEFENSE REQUEST NUMBER 13*

## *"CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING A YEAR" – DEFINITION*

The term "crime punishable by imprisonment for a term exceeding one year" does not include –

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

*Authority And/Or Adapted From*

18 U.S.C. § 921(a)(20).  See generally Logan v. United States, 128 S.Ct. 475 (2007).

16

*DEFENSE REQUEST NUMBER 14*

*CRIME OF VIOLENCE DEFINED*

For purposes of Count Three of the Indictment,

The term "crime of violence" means –

(a)      an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)      any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16

17

*DEFENSE  REQUEST NUMBER 15*

*FIREARM OFFENSES – KNOWING POSSESSION DEFINED*

To establish the possession element each of the three offenses, the government must prove that William Kitsch knowingly possessed the firearm, ammunition or body armor in question.  To "possess" means to have something within a person's control and he intends to control it.  The government does not have to prove that Mr. Kitsch physically held the firearm, ammunition or body armor, that is, had actual possession.  As long as the firearm, ammunition or body armor were within Mr. Kitsch's control, he possessed them.  If you find that Mr. Kitsch either had actual possession of the firearm, ammunition or body armor as charged in the Indictment and that he had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that Mr. Kitsch had the ability to take actual possession of the object when he wanted to do so - you may find that the government has proven possession.  Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint.  If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over an item.  This is called joint possession.  If you find that Mr. Kitsch had such power and intention, then he possessed the firearm, ammunition or body armor even if he possessed them jointly with another.

Mere proximity to the firearm, ammunition or body armor or mere presence on the property where the items are located or mere association with the person who does control the property, is insufficient to support a finding of possession.

18

Proof of ownership is not required.

The government must prove that Mr. Kitsch knowingly possessed the firearm, ammunition or body armor described in the Indictment.  This means that he possessed the these items purposely and voluntarily, and not by accident or mistake.  It also means that Mr. Kitsch knew the objects were firearms, ammunition or body armor.

*Authority And/Or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 6.18.922G-4 (2007)(modified).

## *DEFENSE REQUEST NUMBER 16*

## *"IN OR AFFECTING INTERSTATE COMMERCE" – DEFINED*

The government must prove beyond a reasonable doubt that the defendant possessed the firearm, ammunition or body armor as charged in the Indictment and that his possession of the them had a substantial effect on interstate or foreign commerce.  In order to find that the possession of these items had the requisite impact on interstate or foreign commerce, you must find that the possession had a substantial relation to interstate or foreign commerce, and not merely a potential effect.

*Authority And/Or Adapted From*

See United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995); United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740 (2000); Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000); Gibbons v. Ogden, 22 U.S. 1, 9 Wheat. 1, 194-195 (1824).

## DEFENSE REQUEST NUMBER 17

## "ENTRAPMENT BY ESTOPPEL" – EXPLAINED

The concept of due process of law and its inherent notion of fairness support the rule that an individual should not be held criminally liable for engaging in conduct the legality of which he was assured by a federal government official. The defense of entrapment of estoppel applies "when a government official tells a defendant that certain conduct is legal and the defendant commits what otherwise would be a crime in reasonable reliance on the official representation." To present this defense, a defendant must establish, by a preponderance of the evidence, that:

(1) a federal government official,

(2) represented to the defendant that certain conduct was legal,

(3) the defendant actually relied on the federal government official's statements, and

(4) the defendant's reliance was in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement. You must, however, remember that the burden of proof to prove the charges in the Indictment beyond a reasonable doubt always rests with the government.

*Authority And/Or Adapted From*

United States v. Pennsylvania Industrial Chemical Corp., 411 U.S. 655 (1973)

Cox v. Louisiana, 379 U.S. 559 (1965)

Raley v. Ohio, 360 U.S. 423 (1959)

United States v. Pitt, 193 F.2d 751 (3d Cir. 1999)

United States v. Stewart, 185 F.3d 112 (3d Cir.), cert. denied, 528 U.S. 1063 (1999)

United States v. West Indies Transp., Inc., 127 F.3d 299 (3d Cir. 1997)

21

## *DEFENSE REQUEST NUMBER 18*

## *JURY DISCRETION*

If collectively you decide that despite the acts of the defendant which you may find the government proved beyond a reasonable doubt, you believe that the defendant's actions should not be considered to be criminal by society, you may find him not guilty.

*Authority And/Or Adapted From*

U.S. Cont. amend VI; <u>United States v. Edwards</u>, 101 F.3d 17, 19 (2nd Cir. 1996)(defendant's proposed but rejected jury instruction).  <u>See</u> <u>generally</u> T.B. Howell, Trial of John Peter Zenger in 17A Collection of State Trials 675 (1735).

## *DEFENSE REQUEST NUMBER 19*

## *"NULLIFICATION" – EXPLAINED*

Generally, on questions of fact, it is the province of the jury, and on questions of law, it is the province of the court to decide.  But it must be observed that by the same law, which recognizes this reasonable distribution of jurisdiction, you have nevertheless a right to take upon yourselves to judge of both, and to determine the law as well as the fact in controversy.  On this, and on every other occasion, however, we have no doubt, you will pay that respect, which is due to the opinion of the court: For, as on the one hand, it is presumed, that juries are the best judges of facts; it is, on the other hand, presumable, that the court are the best judges of law.  But still both objects are lawfully, within your power of decision.

*Authority And/Or Adapted From*

U.S. Const. amend VI; Georgia v. Brailsford, 3 U.S. 1, 4 (1794).  But see Sparf v. United States, 156 U.S. 51 (1895).

23

*DEFENSE REQUEST NUMBER 20*

*KNOWINGLY AND MISTAKE OF FACT*

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.  Mr. Kitsch has raised the defense of mistake of fact regarding the prior felony conviction.  You must decide whether the government has proven beyond a reasonable doubt that Mr. Kitsch did not act because of a genuinely mistaken belief that he did not have a valid prior felony conviction and he knew that it had not been set aside or expunged.

*Authority And/Or Adapted From*

Sand, Siffect, Loughlin, Reiss, <u>Modern Federal Jury Instructions</u>, Instruction 3A.01 (2006)(modified).

24

*DEFENSE REQUEST NUMBER 21*

*OPINION OF DEFENDANT'S CHARACTER*

The defendant has called witnesses who have given their opinion of his good character. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

If after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

On the other hand, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

*Authority And/Or Adapted From*

Sixth Circuit: <u>United States v. Huddleston,</u> 811 F.2d 974 (6th Cir. 1987); Sixth Circuit Pattern Criminal Jury Instruction 7.09 (modified).

25

## CERTIFICATE OF SERVICE


I, David M. Kozlow,  Assistant Federal Defender, Federal Community Defender Office

for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served

copies of the Defendant's Modified Proposed Jury Instructions,  upon Eric B. Henson, Assistant

United States Attorney, by delivery a copy to his office located at 615 Chestnut Street, Suite

1250, Philadelphia, Pennsylvania  19106.


 

 

_____
DAVID M. KOZLOW
Assistant Federal Defender


DATE:          September 25, 2008