**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No. 03-594-01** |
| **WILLIAM KITSCH** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, Laurie Magid, Acting United States

Attorney for the Eastern District of Pennsylvania, and Eric B. Henson, Assistant United States

Attorney, pursuant to Federal Rule of Criminal Procedure 30, requests that this Court tender the

following jury instructions in addition to the standard instructions, and further requests leave to

file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney

_____
FRANCIS C. BARBIERI, JR.
Assistant United States Attorney
Chief, Firearms Section

_____
ERIC B. HENSON
Assistant United States Attorney

Date:

# TABLE OF CONTENTS

**Instruction**                                                                                          **Request No.**

Duty to Follow Instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Direct and Circumstantial Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Credibility of Witnesses – In General. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Opinion Evidence – Expert Witnesses.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Failure to Call Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Defendant's Choice not to Testify or Present Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Defendant's Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Prior Statement of Defendant – Single Defendant on Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Presumption of Innocence; Burden of Proof; Reasonable Doubt. . . . . . . . . . . . . . . . . . . . . . . 10

Separate Consideration – Single Defendant Charged with Multiple Offenses. . . . . . . . . . . . . 11

"On or About". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Penalty Not to be Considered.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sympathy and Bias.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Motive Explained.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Summary of the Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Felon in Possession of a Firearm – Statute – Counts One and Two. . . . . . . . . . . . . . . . . . . . . 17

Felon in Possession of a Firearm – Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Firearm Offenses - Firearm Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF CONTENTS

**Instruction**                                                                              **Request No.**

Ammunition – Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Rifle – Defined.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Knowing Possession – Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Proof of Prior Conviction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

[IF STIPULATED]
Evidence of Prior Conviction through Stipulation of Defendant Charged
with Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)). . . . . . . . . . . . . . . . 24

In or Affecting Interstate or Foreign Commerce Defined – Firearm. . . . . . . . . . . . . . . . . . . . 25

Violent Felon in Possession of Body Armor – Statute – Count Three. . . . . . . . . . . . . . . . . . . 26

Violent Felon in Possession of Body Armor – Elements of the Offense Charged. . . . . . . . . . . 27

Body Armor – Defined.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

"Crime of Violence" – Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Interstate Commerce – Body Armor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Verdict - Election of Foreperson - Duty to Deliberate -
Unanimity - Form of Verdict - Communication With the Court. . . . . . . . . . . . . . . . . . . . . . . . 31

Verdict Form. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

## GOVERNMENT'S REQUEST NO. 1

**Duty to Follow Instructions**

MEMBERS OF THE JURY:

You have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You also should not be influenced by any person's race, color, religion, national ancestry, or gender.

_____

Third Circuit Model Jury Instruction (Criminal) 3.01.

1

## GOVERNMENT'S REQUEST NO. 2

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4)     Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1)     The indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your

decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Jury Instruction (Criminal) 3.02.

<u>**GOVERNMENT'S REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and

circumstantial.  The law makes no distinction between the weight that you should give to either

direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

_____

Third Circuit Model Jury Instruction (Criminal) 3.03.

## GOVERNMENT'S REQUEST NO. 4

**Credibility of Witnesses – In General**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence

that you believe or how believable the witness' testimony was when considered

with other evidence that you believe; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of

different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more

persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like

failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you

should also consider whether it was about a matter of importance or an insignificant detail.  You

should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and

the witness was not impeached.  You may decide that the witness is not worthy of belief because

of the witness' bearing and demeanor, or because of the inherent improbability of the testimony,

or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then

attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of

witnesses who testified or the quantity of evidence that was presented.  What is more important

than numbers or quantity is how believable the witnesses were, and how much weight you think

their testimony deserves.

_____

Third Circuit Model Jury Instruction (Criminal) 3.04.

## GOVERNMENT'S REQUEST NO. 5

### Opinion Evidence - Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about issues in the case.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to relevant and material matters in which he or she claims to be an expert.

You should consider each expert's opinion received in evidence and give it such weight as you may think it deserves.  If you decide that the opinion of the expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.  On the other hand, if you decide the opinion of an expert witness is based upon sufficient education and experience, that the reasons given in support of the opinion are sound, and that the opinion is not outweighed by other evidence, you may credit the opinion.

_____

1A O'Malley, Grenig, & Lee, et al., Federal Jury Practice and Instructions, §14.01 (5th ed. 2000).

## <u>GOVERNMENT'S REQUEST NO. 6</u>

**<u>Failure to Call Witnesses</u>**

The law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the government to produce as exhibits all papers and things mentioned in the evidence.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inference may be drawn from his failure to do so.

---

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 17.18 (3d ed. 1977); <u>cf.</u> 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 105.11 (5th ed. 2000) (civil cases).

## GOVERNMENT'S REQUEST NO. 7

**Defendant's Choice not to Testify or Present Evidence**

Defendant, William Kitsch, did not testify *(did not present evidence)* in this case.  A defendant has an absolute constitutional right not to testify *(or to present any evidence).*  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Third Circuit Model Jury Instruction (Criminal) 4.27.

## GOVERNMENT'S REQUEST NO. 8

### Defendant's Testimony

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant, William Kitsch, testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

---

Third Circuit Model Jury Instruction (Criminal) 4.28.

<u>**GOVERNMENT'S REQUEST NO. 9**</u>

<u>**Prior Statement of Defendant – Single Defendant on Trial**</u>

The government has introduced evidence that the defendant, William Kitsch, made a

statements to Montgomery County Police Officers and the United States Secret Service. You

must decide whether the defendant did in fact make the statements.  If you find that the defendant

did make the statements, then you must decide what weight, if any, you feel the statements

deserve.  In making this decision, you should consider all matters in evidence having to do with

the statements, including those concerning the defendant, himself, and the circumstances under

which the statements were made.

_____

Third Circuit Model Jury Instructions (Criminal) 2.27.

## GOVERNMENT'S REQUEST NO. 10

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant has pleaded not guilty to the offenses charged.  He is presumed to be innocent.  The defendant started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt.  That means, the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

14

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Third Circuit Model Jury Instruction (Criminal) 3.06.

## GOVERNMENT'S REQUEST NO. 11

### Separate Consideration – Single Defendant Charged with Multiple Offenses

The defendant, William Kitsch, is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

_____

Third Circuit Model Jury Instruction (Criminal) 3.12.

16

## GOVERNMENT'S REQUEST NO. 12

### "On or About" – Proof of

You will note that the indictment charges that the offense was committed "on or about" certain dates. The government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

_____

Third Circuit Model Jury Instruction (Criminal) 3.08.

## GOVERNMENT'S REQUEST NO. 13

**Penalty Not to be Considered**

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

---

See, e.g. Third Circuit Model Jury Instruction (Criminal) 3.16.  See also 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13.05 (5th Edition 2000).

## GOVERNMENT'S REQUEST NO. 14

**Sympathy And Bias**

Under your oath as jurors, you are not to be swayed by sympathy or bias.  You are to be guided solely by the evidence in the case, and the crucial hard-core question you must ask yourselves as you sift through the evidence is, where do you find the truth?  This is a quest for truth as to the facts, that is what a trial is.  It's not a battle of wits.  It's not a contest of salesmanship, and it's not a contest of personalities.  The only triumph in any case is whether or not the truth has triumphed.  If it has, then justice has been done.  If not, justice will not have been done.

The conduct charged in the indictment is illegal under federal law.  The issue and only issue for you to decide is whether or not any defendant has violated the law.  You are to determine the guilt or innocence of any defendant solely on the basis of the evidence and the law as I have now charged you.  If you find that the law has not been violated, you should not hesitate for any reason to return a verdict of not guilty.  If, on the other hand, you find beyond a reasonable doubt that the law has been violated as charged, you should not hesitate to render a verdict of guilty because of sympathy or bias, prejudice, fear, public opinion, or your own views as to the propriety or social desirability of this conduct.  In sum, you must not decide this matter based on anything other than the evidence in this case and the law as I have instructed you as you said under oath you could at the time of your selection as jurors.

_____

United States v. Martorano, Criminal No. 82-00013 (E.D. Pa.), aff'd, 709 F.2d 863 (3d Cir. 1983).

19

## GOVERNMENT'S REQUEST NO. 15

**Motive Explained**

Motive is not an element of the offense with which the defendant is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty.  Evidence of defendant's motive may, however, help you find defendant's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Model Jury Instruction (Criminal) 5.04.

## GOVERNMENT'S REQUEST NO. 16

**Summary of Indictment**

I will now instruct you on the law relating to the specific charges contained in the indictment.

1.     In the Eastern District of Pennsylvania, defendant, William Kitsch, committed the following offenses:

A.     Two counts of counts of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Counts One and Two);

B.     One count of violent felon in possession of body armor, in violation of Title 18,United States Code, Section 931(a)(1) (Count Three).

I will send a copy of the indictment to the jury room with you to aid in your deliberations. Keep in mind that the indictment represents a formal method of charging someone with the commission of a crime.  As such, you may not consider it as evidence of the defendant's guilt or draw any inference of guilt from it.

21

## GOVERNMENT'S REQUEST NO. 17

**Felon in Possession of a Firearm – Statute Involved – Counts One and Two**

Title 18, United States Code, Section 922(g)(1) provides, as relevant here, that:

> [i]t shall be unlawful for any person: (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; . . .

---

18 U.S.C. §922(g)(1).

## GOVERNMENT'S REQUEST NO. 18

**Felon in Possession of a Firearm – Elements of the Offense**

Counts One and Two of the indictment charge the defendant, William Kitsch, with being a felon in possession of a firearm, which is a violation of federal law.  In order to find the defendant guilty of Counts One and/or Two of the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First:       That the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, on or before the dates alleged in Counts One and/or Two of the indictment;

Second:      That after this conviction, defendant knowingly possessed the firearms and/or ammunition described in Counts One and/or Two of the indictment, and;

Third:       That the defendant's possession was in or affecting interstate or foreign commerce, as to Counts One and/or Two of the indictment.

As to Count Two, you  must be unanimous in finding all elements of the offenses as to at least one specific charged item, that is, unanimous as to all elements on one specific firearm and ammunition charged in the indictment.

_____

Third Circuit Model Jury Instructions (Criminal) 18.922G.

## GOVERNMENT'S REQUEST NO. 19

**Firearm Offenses - Firearm Defined**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon [, or any firearm muffler or firearm silencer].

_____

Third Circuit Model Jury Instructions (Criminal) 18.922A-2.

## GOVERNMENT'S REQUEST NO. 20

**Ammunition – Defined**

_____The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

_____

18 U.S.C. § 921(a)(17)(A).

## GOVERNMENT'S REQUEST NO. 21

**Rifle – Defined**

The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger.

_____

18 U.S.C. § 921(a)(7).

## GOVERNMENT'S REQUEST NO. 22

### Knowing Possession – Defined

To establish this element, the government must prove that the defendant, William Kitsch, possessed the firearm or ammunition in question.  To "possess" means to have something within a person's control.  The government does not have to prove that the defendant physically held the firearm or ammuntion, that is, had actual possession of it.  As long as the firearm or ammunition was within the defendant's control, he possessed it.  If you find that the defendant either had actual possession of the firearm or ammunition or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so - you may find that the government has proven possession.  Possession may be momentary or fleeting.

*The law also recognizes that possession may be sole or joint.  If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.*

*Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.*

Proof of ownership of the firearm is not required. Nor must the government demonstrate that the defendant possessed a firearm with intent to cause harm.  Knowing possession of a gun by a convicted felon - for any reason, whether otherwise lawful or not - is a crime.

The government must prove that the defendant knowingly possessed the firearm or ammunition described in Counts One and/or Two of the indictment.  This means that the

defendant possessed a firearm or ammunition purposely and voluntarily, and not by accident or

mistake.  It also means that the defendant knew the object was a firearm or ammunition.

_____

Third Circuit Model Jury Instructions (Criminal) 18.922G-4.

## GOVERNMENT'S REQUEST NO. 23

**Proof of Prior Conviction**

In order to find defendant guilty of Counts One and/or Two of the indictment, you must find that the government proved that before the dates alleged in Counts One and/or Two of the indictment, defendant, William Kitsch, is charged with possessing a firearm, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The government contends that defendant was convicted of the crime of arson, in the State of New Jersey. I charge you that as a matter of law, that crime is punishable by imprisonment for a term exceeding one year. However, you must determine beyond a reasonable doubt if the defendant was convicted of that crime.

To satisfy this element, you need only find beyond a reasonable doubt that defendant was, in fact, convicted of that crime and that the a conviction was prior to the possession of the weapon as charged in the indictment. It is not necessary that the government prove that defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for defendant to have been sentenced to imprisonment for more than one year. A plea of guilty has the same consequences as a conviction after trial.

The fact that defendant was found guilty of another crime on another occasion does not mean that he committed the crime charged in the indictment, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this

crime which I have mentioned.  You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of the crime charged in the indictment.

_____

Third Circuit Model Jury Instruction (Criminal) 18.922G-2.

## GOVERNMENT'S REQUEST NO. 24

**[IF STIPULATED]**

## Evidence of Prior Conviction through Stipulation of Defendant Charged with Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1))

You heard evidence through stipulation that the defendant was convicted before these incidents in the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year.  The prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment.  You are not to speculate as to the nature of each conviction.  You may not consider the prior conviction in deciding whether defendant, William Kitsch, was in knowing possession of the firearm or ammunition, on the dates alleged in Counts One and/or Two of the indictment, that he is charged in this case with possessing.

The fact that defendant was found guilty of another crime on another occasion does not mean that he committed the crimes charged in Counts One and/or Two of the indictment, and you must not use his guilt of the other crime as proof of the crimes charged in Counts One and/or Two of the indictment, except for the one element of these crimes which I have mentioned.  You may find the defendant guilty of Counts One and/or Two of the indictment, only if the government has proved beyond a reasonable doubt all of the elements of the crimes charged in Counts One and/or Two of the indictment.

_____

Third Circuit Model Jury Instructions (Criminal) 18.922G-3.

## GOVERNMENT'S REQUEST NO. 25

### In or Affecting Interstate or Foreign Commerce Defined – Firearm

The third element that the government must prove beyond a reasonable doubt is that a firearm specified in Counts One and/or Two of the indictment was in or affecting interstate commerce.  This means that the government must prove that at some time before defendant's possession, on the dates alleged in Counts One and/or Two of the indictment, a firearm or ammunition had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the dates charged in Counts One and/or Two of the indictment, a firearm or ammunition crossed a state line.

The government does not need to prove that defendant, William Kitsch, himself carried it across a state line, or to prove who carried it across or how it was transported.  It is also not necessary for the government to prove that the defendant knew that a firearm or ammunition had traveled in interstate commerce.

In this regard, there has been evidence that the firearms and ammunition in question was manufactured in a different state or country than the state where the defendant is charged with possessing them.  You are permitted to infer from this fact that a firearm traveled in interstate commerce; however, you are not required to do so.

_____

Third Circuit Model Jury Instructions (Criminal) 18.922G-5.

_____

## GOVERNMENT'S REQUEST NO. 26

### Possession of Body Armor by a Violent Felon - Statute – Count Three

Title 18, United States Code, Section 931provides in pertinent part:

> (a) It shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is – (1) a crime of violence . . .

_____

18 U.S.C. § 931(a)(1)

## GOVERNMENT'S REQUEST NO. 27

**Possession of Body Armor by a Violent Felon – Elements of the Offense**

To find a defendant guilty of being a violent felon in possession of body armor you must find that the government proved each of the following elements beyond a reasonable doubt:

First:      That prior to the date charged in the indictment, the defendant had been convicted of a crime of violence;

Second:   That the defendant knowingly possessed the body armor, and;

Third:      That the body armor was sold or offered for sale in interstate or foreign commerce.

The term "knowing possession" has previously been defined.

_____

18 U.S.C. § 931(a).

## GOVERNMENT'S REQUEST NO. 28

**Body Armor – Defined**

The tern "body armor" means any product sold or offered for sale in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be work alone or is sold as a complement to another product or garment.

---

18 U.S.C. § 921(a)(35).

## GOVERNMENT'S REQUEST NO. 29

### "Crime of Violence" – Defined

_____A "crime of violence" as that term is used here, means:

      (a)     An offense that has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or;

      (b)     Any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

_____

_____

<u>See</u> 18 U.S.C. § 16.

36

## GOVERNMENT'S REQUEST NO. 30

**Interstate Commerce – Body Armor**

_____As an element of the crime charged, that is, violent felon in possession of body armor, the government must show that the defendant possessed body armor that had been sold or offered for sale in interstate, as I have defined it, that is, commerce means travel, trade, traffic, commerce, transportation, or communications among or between the states.  You may find that the interstate commerce element is satisfied if you find beyond a reasonable doubt that the defendant possessed body armor that was sold or offered for sale in interstate commerce.

_____

Scarborough v. United States, 431 U.S. 563, 575 (1977)(proof that possessed firearm previously traveled at some time in interstate commerce was sufficient to satisfy required nexus between possession and commerce)

United States v. Gateward, 84 F.3d 670, 672 (3d Cir.), cert. denied, 519 U.S. 907 (1996)(evidence that firearm previously moved in interstate commerce sufficient for 922(g))

United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000)(manufacture of gun in one state and use in another is sufficient to establish interstate commerce element of 922(g))

United States v. Miller, 105 F.3d 552, 555 (9th Cir. 1997)(no requirement that defendant know that firearm traveled in interstate commerce for 922(g)).

United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994)(922(g)'s interstate commerce element met if firearm or ammunition previously traveled in interstate commerce).

United States v. Leuschen, 2005 WL 120067 (3rd Cir. 2005)(firearms manufactured outside Pennsylvania provides the requisite nexus to, and proof that the firearms traveled, in interstate commerce).

Third sentence taken from 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.14 (5th ed. 2000) (The government [may meet its burden of proof on the question of being in or affecting commerce by proving to you, beyond a reasonable doubt, ] must prove only that the firearm or ammunition identified in the indictment had at any time before the defendant's possession of it [had] traveled across a state boundary line.)

37

## GOVERNMENT'S REQUEST NO. 31

**Verdict - Election of Foreperson - Duty to Deliberate -
Unanimity - Form of Verdict - Communication With the Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offense charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First, the first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second, I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third, as I said before, if you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth,  as I said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

38

Fifth, now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – our own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth, once you start deliberating, do not talk about the case to the court officials, or to me, or to anyone else except each other.  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will

39

respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

---

Third Circuit Model Jury Instruction (Criminal) 3.16.

## GOVERNMENT'S REQUEST NO. 32

**Verdict Form**

A verdict form has been prepared that you should use to record your verdict.

Take the form with you to the jury room.  When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant, William Kitsch, guilty of any of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved defendant guilty of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

Third Circuit Model Jury Instruction (Criminal) 3.17.

41

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Proposed Jury

Instructions has been served by electronic filing and/or first class mail on this date to:

David M. Kozlow, Assistant Federal Defender
Defender Association of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street, Suite 540 West
Independence Square West
Philadelphia, PA 19106

_____
ERIC B. HENSON
Assistant United States Attorney

Dated: _____

42