IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :

     v.            : CRIMINAL NO. 03-594-01

WILLIAM KITSCH            :

**STIPULATION 3.**

It is hereby stipulated by and between Laurie Magid, Acting United States Attorney in and for the Eastern District of Pennsylvania, Francis C. Barbieri, Jr., Section Chief, and Eric B. Henson, Assistant United States Attorney for the District, defendant William Kitsch and his attorney David M. Kozlow, Esquire, that if called as a witness, Special Agent David L. O'Brien of the Bureau of Alcohol, Tobacco, Firearms and Explosives, a firearms, body armor, and interstate nexus expert, that is an expert in determining whether weapons meet the statutory definition of firearms, whether cartridges meet the statutory definition of ammunition, whether protective vests meet the statutory definition of body armor, the place of manufacture of firearms, and where body armor is offered for sale, would testify that:

First, each of the following weapons listed in the indictment meets the definition of "firearm" in 18 U.S.C. § 921(a)(3) and was manufactured outside the Commonwealth of Pennsylvania: a 7.62 x 39mm Romanian SAR-1 Rifle, Serial No. S1-35857-2001; a 7.62 x 39mm Romanian WASR-10 Rifle, Serial No. 1-16880-99; a 12-gauge Mossberg 590 Shotgun with pistol grip, Serial No. P544907; a .22 caliber Remington 597 Semi-automatic Rifle, Serial No. 2692634; a .22 caliber Henry Survival Semi-automatic Rifle, Serial No. US 18472; a 9mm Glock 19 Semi-automatic Pistol, Serial No. EK661; a .357 magnum caliber Smith and Wesson 640-1 Revolver, Serial No. CAE1474; a .357 magnum caliber Smith and Wesson 640-1 Revolver, Serial No. CCD4844; a .25 caliber Fraser Semi-automatic Pistol, Serial No. 001918; a 9mm Walther P99 Semi-Automatic Pistol, Serial No. 051227; and a .32 caliber Beretta 3032 Tomcat Semi-automatic Pistol, Serial No. DAA245638.

Second, each of the following rounds of ammunition listed in the indictment meets the definition of "ammunition" in 18 U.S.C. § 921(a)(17)(A) and was manufactured outside the Commonwealth of Pennsylvania: 153 .38 caliber rounds of ammunition; 1,048 9mm rounds of ammunition; 70 .357 caliber rounds of ammunition; 249 .32 caliber rounds of ammunition; 6 .25 caliber rounds of ammunition; 20 5.56

1

rounds of ammunition; 108  12-gauge shotgun shells; 981  .223 rounds of ammunition; 5,934  7.62x39mm rounds of ammunition; and 11,573  .22 caliber rounds of ammunition.

Third, the following body armor listed in the indictment meets the definition of "body armor" in 18 U.S.C. § 921(a)(35) and was sold and offered for sale from outside the United States throughout the United States:  one blue body armor carrier, containing front and back kevlar panels, Serial Number 2564.

WILLIAM KITSCH

FRANCIS C. BARBIERI, JR.
Chief, Firearms

DAVID M. KOZLOW, ESQUIRE
Counsel for Defendant William Kitsch

ERIC B. HENSON
Assistant United States Attorney

2